Filed 5/19/21  P. v. Robinson CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOHN HENRY ROBINSON,<br><br>Defendant and Appellant. | 2d Crim. No. B300008<br>(Super. Ct. No. 17F-11978)<br>(San Luis Obispo County) |

John Henry Robinson appeals the judgment entered after a jury convicted him of giving away a controlled substance, i.e., methamphetamine (Health & Saf. Code, § 11379, subd.(a)).  The trial court placed him on three years probation with terms and conditions including that he serve 180 days in county jail.  Appellant raises claims of evidentiary error and insufficient evidence.  We affirm.

## STATEMENT OF FACTS

On September 11, 2017, appellant entered a United Parcel Service (UPS) store in Atascadero and gave employee Amy Tewell two packages to ship. Appellant told Tewell the smaller package was being sent to Catherine Burgett, who had recently moved from San Luis Obispo to Huntsville, Alabama. Appellant said the package contained his marriage proposal to Catherine and an engagement ring. The packages cost $81.39 for two-day shipping and appellant paid in cash. Appellant listed a return address on Las Pilitas Road in Santa Margarita and signed a document relinquishing custody of both packages to UPS.

The smaller package was heavily taped and emitted a strong odor of cologne, paint, or other chemical. After appellant left, Tewell opened the package and found a freshly-painted black prescription bottle wrapped in foil. The bottle contained approximately 24 grams of methamphetamine.

Appellant testified that Catherine, his former girlfriend, called him on September 8 and asked him to mail a package for her adult son Adam, who lived in Paso Robles. Catherine told appellant the package contained six rings that had belonged to her deceased mother. On the morning of September 11, appellant drove from his residence in Santa Margarita to Adam's residence in Paso Robles, picked up the package, and then drove to the UPS store in Atascadero to mail it. The larger package contained an item from Amazon that appellant was returning.

Appellant lied to Tewell about the contents of the smaller package because he had "a bad feeling" and "didn't think it was any of her business that there were rings in the box." He did not notice any odor emanating from the package because his sense of smell is impaired as the result of smoking cigarettes. Appellant

2

also acknowledged that the return address he listed was for a different residence on the street where he lived. He claimed that he always picked up his mail from the address he had listed. He also acknowledged that his driver's license listed the wrong street number for his address.

## DISCUSSION

### *Exclusion of Hearsay Evidence*

Appellant testified that he did not know the package he gave to Tewell contained methamphetamine. He claimed that he picked up the package from Adam at the request of Catherine, who said it contained six of her deceased mother's rings. Appellant contends the trial court erred in excluding as hearsay Catherine's statement to appellant that she had asked him to mail the package because Adam did not have the money to do so.

The court, however, did not exclude this evidence as hearsay, i.e, "a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter started." (Evid. Code, § 1200, subd. (a).) Although the prosecutor made a hearsay objection when defense counsel asked appellant if he "inquire[d] why [Catherine] asked [him] to ship the [package]," defense counsel countered that the evidence was not being offered for the truth of the matter asserted, but rather for the nonhearsay purpose of explaining why appellant acted as he did. (See *People v. Bell* (2019) 7 Cal.5th 70, 100, internal quotations omitted [recognizing that an out-of-court statement "is not hearsay" if offered "to prove that the statement imparted certain information to the hearer and that the hearer, believing such information to be true, acted in conformity with that belief"].) After indicating that the evidence could be admissible as nonhearsay to "explain[] [appellant's]

3

actions," the court asked defense counsel to explain the relevance of Catherine's purported statement that Adam did not have the money to mail the package. Defense counsel replied, "That's not critical. . . . I will ask the question. [The prosecutor] can raise the objection. The court can sustain it. That's fine. It will come back later anyway on cross-examination."

In his subsequent questioning of appellant, defense counsel asked if appellant had asked Catherine "why can't Adam do it or words to that effect." After appellant answered in the affirmative, counsel asked, "Without telling us what [Catherine] said, what did you then do?" Appellant replied, "I told her that I would get it and mail it to her."

Defense counsel made a tactical decision to avoid eliciting Catherine's purported statement that Adam did not have the money to mail the package. When asked to explain the relevance of this evidence, counsel replied that the evidence was "not critical" and expressly invited the court to sustain any further objection to it. Although appellant argues that the evidence would have helped explain why he agreed to mail the package, it did not provide a particularly credible explanation for his behavior. As the People note, "[i]f Adam's alleged lack of money was [an] important fact, then appellant did not need to go to UPS. He could have simply given Adam cash."

Any error in excluding the evidence was harmless. As defense counsel noted, the evidence was "not critical" to the defense. Moreover, the circumstantial evidence of appellant's guilt was substantial. Among other things, he presented Tewell with a heavily-taped package that emitted a strong chemical odor and lied about its contents. He also gave Tewell a false address, and his proffered defense consisted solely of his own self-serving

4

statements.  Because it is not reasonably probable that appellant would have achieved a more favorable result had he testified that Catherine told him Adam did not have the money to mail the package, his claim fails for lack of prejudice.  (*People v. Watson* (1956) 46 Cal.2d 818, 835; *People v. Anderson* (2012) 208 Cal.App.4th 851, 887 [applying *Watson* harmless error standard of review to claim that relevant evidence was erroneously excluded].)

### *Sufficiency of the Evidence*

Appellant contends his conviction must be reversed because the evidence is insufficient to prove that he knew the package he gave to Tewell contained methamphetamine.  We are not persuaded.

"In reviewing a challenge to the sufficiency of the evidence under the due process clause of the Fourteenth Amendment to the United States Constitution and/or the due process clause of article I section 15 of the California Constitution, we review the entire record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could have found the [enhancement true] beyond a reasonable doubt."  (*People v. Cole* (2004) 33 Cal.4th 1158, 1212.)  "We presume every fact in support of the judgment the trier of fact could have reasonably deduced from the evidence.  [Citation.]  If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding."  (*People v. Albillar* (2010) 51 Cal.4th 47, 60.)  It is well settled that "'[a] reversal for insufficient evidence "is unwarranted unless it

appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support'" the jury's verdict.'" (*People v. Penunuri* (2018) 5 Cal.5th 126, 142.)

To convict appellant of giving away methamphetamine in violation of Health & Safety Code, section 11379, the jury had to find among other things that he knew the package he gave to Tewell contained methamphetamine. (See CALCRIM No. 2300). Knowing possession of a controlled substance may be proven by circumstantial evidence. (*People v. Martin* (2001) 25 Cal.4th 1180, 1184.) "All surrounding facts and circumstances may be considered in determining knowing possession of narcotics [citation], including defendant's conduct, admissions, contrary statements or explanations . . . ." (*People v. Schumacher* (1967) 256 Cal.App.2d 858, 865-866.) Moreover, "knowledge of the character of dangerous drugs or narcotics may be shown by acts or declarations of the accused which indicate a 'consciousness of guilt.'" (*People v. Williams* (1971) 5 Cal.3d 211, 216.)

The evidence, viewed in the light most favorable to the judgment, is sufficient to support the jury's finding that appellant knew the package he gave to Tewell contained methamphetamine. The package was heavily taped and emitted a strong chemical odor. (See *People v. Breault* (1990) 223 Cal.App.3d 125, 136 [sufficient evidence supported conviction for transporting methamphetamine where defendant's truck "smelled of solvents associated with [the] manufacture of methamphetamine" and "[t]he baggie of methamphetamine also emitted an ether smell"].) Appellant admittedly lied about the contents of the package, which demonstrated that he was conscious of his guilt. (*People v. Benavides* (2005) 35 Cal.4th 69, 100.) He also gave an incorrect home address, the address on his

driver's license was inaccurate, and he paid cash to ship the package. The jury could reasonably infer that appellant had deliberately given incorrect information and paid cash rather than using a debit or credit card so it would be harder for the police to find him.

Although appellant highlights his testimony that he did not prepare the package and was unaware of its true contents, the jury was free to reject that testimony as incredible. Appellant also notes there was no DNA or fingerprint evidence linking him to the contents of the package, but the prosecution was not required to present such evidence in order to obtain a conviction. (*People v. Anderson* (2007) 152 Cal.App.4th 919, 937-938; CALCRIM No. 300.) As the People aptly put it, "[t]he issue is whether there is substantial evidence to support the verdict, not whether the prosecution could have found more evidence." Appellant's claim of insufficient evidence thus fails.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.                TANGEMAN, J.

7

Matthew G. Guerrero, Judge
Superior Court County of San Luis Obispo

_____

Scott H. Bentley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Michael Katz, Deputy Attorney General, for Plaintiff and Respondent.